UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
JOSEPHINE DRAKEFORD,

                                Plaintiff,            **<u>ANSWER</u>**

                                              CV-07-3489
          -against-                      (Daniels, J) (Francis, MJ)

WASHINGTON MUTUAL,

                              Defendant.
-------------------------------------------------------------------- X

      Defendant Washington Mutual Bank ("Washington Mutual" or "Defendant"), sued herein as Washington Mutual, by its attorneys, Cullen and Dykman LLP, as and for their answer to the Complaint of Plaintiff Josephine Drakeford ("Plaintiff") set forth the following:

      1.     Admits that Washington Mutual is a federal association authorized and conducting business in the State of New York, Kerry Killinger is the Chairman and CEO of Washington Mutual and his business address is 1201 Third Ave., Seattle, Washington 98101, and except as so admitted, denies the remaining allegations contained in the paragraph numbered "First" of the Complaint.

      2.     Denies the allegations contained in the paragraph numbered "Second" of the Complaint.

      3.     Denies the allegations contained in the paragraph numbered "Third" of the Complaint.

      4.     Denies the allegations contained in the paragraph numbered "Fourth" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

5.      In response to the allegations of the paragraph numbered "Fifth" of the Complaint, as they repeat and reiterate all the allegations contained in the paragraphs numbered "First" through "Fourth" of the Complaint, Washington Mutual repeats and realleges its responses to the paragraphs numbered "First" through "Fourth" of the Complaint as if fully set forth at length herein and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in the paragraph numbered "Fifth" of the Complaint.

6.      Denies the allegations contained in the paragraph numbered "Sixth" of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the allegations in the paragraph numbered "Seventh" of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

8.      In response to the allegations of the paragraph numbered "Eighth" of the Complaint, as they repeat and reiterate all the allegations contained in the paragraphs numbered "First" through "Seventh" of the Complaint, Washington Mutual repeats and realleges its responses to the paragraphs numbered "First" through "Seventh" of the Complaint as if fully set forth at length herein, and denies the remaining allegations contained in the paragraph numbered "Eighth" of the Complaint.

9.      Denies the allegations contained in the paragraph numbered "Ninth" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the

- 2 -

allegations in the paragraph numbered "Tenth" of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

11.    In response to the allegations of the paragraph numbered "Eleventh" of the Complaint, as they repeat and reiterate all the allegations contained in the paragraphs numbered "First" through "Tenth" of the Complaint, Washington Mutual repeats and realleges its responses to the paragraphs numbered "First" through "Tenth" of the Complaint as if fully set forth at length herein, admits that Plaintiff held an account with Washington Mutual which was connected to an overdraft line of credit, and except as so admitted, denies the remaining allegations contained in the paragraph numbered "Eleventh" of the Complaint.

12.    Denies the allegations contained in the paragraph numbered "Twelfth" of the Complaint.

13.    Denies the allegations in the paragraph numbered "Thirteenth" of the Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

14.    In response to the allegations of the paragraph numbered "Fourteenth" of the Complaint, as they repeat and reiterate all the allegations contained in the paragraphs numbered "First" through "Thirteenth" of the Complaint, Washington Mutual repeats and realleges its responses to the paragraphs numbered "First" through "Thirteenth" of the Complaint as if fully set forth at length herein, and denies the remaining allegations contained in the paragraph numbered "Fourteenth" of the Complaint.

15.    Denies the allegations contained in the paragraph numbered "Fifteenth" of the

Complaint.

16.    Denies the allegations of the paragraph numbered "Sixteenth" of the Complaint concerning Washington Mutual "fabricat[ing] a vicious cycle of keeping plaintiff in debt . . . [and] fabricating the need for credit when funds sufficient funds are in the account" and denies knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph numbered "Sixteenth" of the Complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION

17.    In response to the allegations of the paragraph numbered "Seventeenth" of the Complaint, Washington Mutual repeats and realleges its responses to the paragraphs numbered "First" through "Sixteenth" of the Complaint as if fully set forth at length herein.

18.    Denies the allegations contained in the paragraph numbered "Eighteenth" of the Complaint

19.    Denies the allegations contained in the paragraph numbered "Nineteenth" of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the allegations in the paragraph numbered "Twentieth" of the Complaint.

## ANSWERING THE SEVENTH CAUSE OF ACTION

21.    In response to the allegations of the paragraph numbered "Twenty-First" of the Complaint, Washington Mutual repeats and realleges its responses to the paragraphs numbered "First" through "Twentieth" of the Complaint as if fully set forth at length herein.

22.    Denies the allegations contained in the paragraph numbered "Twenty-Second"

- 4 -

of the Complaint.

23.    Denies the allegations contained in the paragraph numbered "Twenty-Third" of the Complaint.

24.    Denies the allegations of the paragraph numbered "Twenty-Fourth" concerning Washington Mutual "fabricat[ing] a vicious cycle of Extreme poverty which would lead to homelessness" and denies knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph numbered "Twenty-Fourth" of the Complaint.

## ANSWERING THE EIGHTH CAUSE OF ACTION

25.    In response to the allegations of the paragraph numbered "Twenty-Fifth" of the Complaint, as they repeat and reiterate all the allegations contained in the paragraphs numbered "First" through "Twenty-Fourth" of the Complaint, Washington Mutual repeats and realleges its responses to the paragraphs numbered "First" through "Twenty-Fourth" of the Complaint as if fully set forth at length herein, and denies the remaining allegations contained in the paragraph numbered "Twenty-Fifth" of the Complaint.

26.    Denies the allegations contained in the paragraph numbered "Twenty-Sixth" of the Complaint.

27.    Denies the allegations contained in the paragraph numbered "Twenty-Seventh" of the Complaint concerning Washington Mutual "fabricat[ing] a vicious cycle of Extreme poverty which would lead to homelessness" and denies knowledge or information sufficient to form a belief as to the remaining allegations in the paragraph numbered "Twenty-Seventh" of the Complaint.

- 5 -

## AS A FOR A FIRST AFFIRMATIVE DEFENSE

28.    The Complaint fails to allege facts sufficient to state a cause of action against Washington Mutual.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29.    All damages sustained by Plaintiff were caused by actions of Plaintiff and resulted from Plaintiff's own negligence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30.    Defendant has a complete defense founded upon documentary evidence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30.    Plaintiff's claims are barred by the doctrine of waiver and estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31.    Defendant did not breach a contractual agreement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32.    Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33.    Washington Mutual has not taken any property from Plaintiff, nor denied her the usage of any of her property.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34.    Washington Mutual exercised ordinary care in all transactions that form the basis of the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35.    Plaintiff failed to mitigate her damages herein.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36.    This court lacks subject matter jurisdiction of the claims at issue.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

37.    No personal jurisdiction was obtained over Defendant.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

38.    Defendant did not owe any duty to Plaintiff in connection with her bank account with Washington Mutual.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

39.    If it is found that Defendant owed a duty to Plaintiff it did not breach any duty owed to Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

40.     Defendant did not misrepresent any facts or information to Plaintiff.


## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

41.     Plaintiff has failed to plead fraud and deceit with the requisite particularity.


## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

42.     While denying all allegations in the Complaint regarding liability, the injury and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injuries and/or damages, any such damages were not proximately related to any act or omission of Defendant.


## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

43.     While denying all allegations in the Complaint regarding liability, the injury and damages allegedly sustained by Plaintiff to the extent Plaintiff may be able to prove any injuries and/or damages, said damages were proximately caused by intervening and/or superseding acts, and/or fault of the Plaintiff and/or third parties over whom Defendant had no control or right of control and for whose actions Defendant is not liable.


## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

44.     While denying all allegations in the Complaint regarding liability, the injury and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injuries and/or damages, Plaintiff is not entitled to an award of attorney's fees and/or costs of suit.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

45.    Plaintiff has failed to allege special damages and therefore cannot maintain a claim for emotional distress.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

46.    Plaintiff's claim of larceny is barred since there is no private right of action for larceny.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

47.    Plaintiff's claim of embezzlement is barred since there is no private right of action for embezzlement.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

48.    Plaintiff's claim of criminal theft is barred since there is no private right of action for criminal theft.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

49.    Plaintiff's claim of false pretense is barred since there is no private right of action for false pretense.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims are governed by the Account Disclosures and Regulations ("Account Disclosures") which clearly disclose that Defendant may impose on Plaintiff charges associated with insufficient funds and over-drafts of a bank account.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are governed by the Account Disclosures which mandates that Plaintiff commence any action against Washington Mutual within six (6) months after the cause of action accrued.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are governed by the Account Disclosures which mandates that all disputes between the parties are subject to arbitration.

WHEREFORE, Washington Mutual demands judgment dismissing the Complaint together with the costs and disbursements of this action and its reasonable attorney's fees and disbursements incurred in defending this action.

Dated: Garden City, New York
      June 22, 2007

CULLEN AND DYKMAN LLP

By:    _____

James C. Ryan (JR9446)
Attorneys for Defendant
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

- 10 -

To:    Josephine Drakeford
       Plaintiff Pro Se
       5 E. 99th St. #8D
       New York, New York 10029