(Rev. 2/5/98) Summons in a Civil Action

# United States District Court

RECEIVED JUL 26 2007 13:00 LEGAL DEPARTMENT Personally Served

SOUTHERN **DISTRICT OF** NEW YORK

Josephine Drakeford

**V.**

Washington Mutual

**SUMMONS IN A CIVIL CASE**

**CASE NUMBER:**

**07 CV 3489**

**JUDGE DANIELS**

RECEIVED UNITED STATES MARSHAL 2007 JUL 17 A 11: 50

**TO:** (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)
*Pro Se* Josephine Drakeford
55 East 99th Street, #8D
New York, New York 10029

An answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

MAY 02 2007
DATE

Marcos Quintero
(BY) DEPUTY CLERK

JUDGE DANIELS 07 CV 3489

I.F.P. GRANTED. Leave to proceed in this Court without payment of fees is authorized. 28 U.S.C. S 1915.

So Ordered;

MAY 0 1 2007
(Date)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Chief Judge

RECEIVED JUL 26 2007 LEGAL DEPARTMENT

DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE DRAKEFORD
(petitioner/plaintiff)

-v-

WASHINGTON MUTUAL,
(respondent(s)/defendant(s))

I, JOSEPHINE DRAKEFORD, am the petitioner/plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees or costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore, that I believe I am entitled to redress.

I declare that the responses which I have made below are true.

1. If you are presently employed, state the amount of your salary wage per month, and give the name and address of your last employer. **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

Retired.

2. If you are **NOT PRESENTLY EMPLOYED**, state the date of last employment and amount of the salary per month which you received AND how long the employment lasted. YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED. IF YOU HAVE NEVER BEEN EMPLOYED, SAY SO.

Retired 2/22/00 at a salary of $1,993.00 monthly, employment was 6yrs.

3. Have you ever received, within the past twelve months, any money form any of the following sources?

| | | | |
|---|---|---|---|
| a. | Business, profession, or form of self-employment? | YES___ | NO_x_ |
| b. | Rent payments, interest, or dividends? | YES___ | NO_x_ |
| c. | Pensions, annuities, or life insurance payments? | YES_x_ | NO___ |
| d. | Gifts or inheritances? | YES___ | NO_x_ |
| e. | Any form of public assistance? | YES___ | NO___ |
| f. | Any other sources? | YES_x_ | NO___ |

If the answer to any of the questions in part three is yes, describe each source of money and state the amount received from each during the past months.

(C)Pension, began March, 2000 was $253 monthly; As of 9/30/06 now $338.38; Social Security $815.00 as of 2/14/07.

RECEIVED FEB 21 2007 PRO SE OFFICE

FILED

4. Do you own any cash or do you have money in a checking or savings account?

**YES** x **NO**_____ (Including any funds in prison accounts)
If the answer is yes, state the total value owned.

MCU share account, balance = $68.00 and Checking account = $200 balance.

5. Do you own any real estate, stock, bonds, notes, automobiles, or other valuable property (including ordinary household furnishings and clothing)?
**YES** x **NO**___
If the answer is yes, describe the property and state its approximate value.

Stock = $ 77.18

6. List the person(s) who are dependent upon you for support, state your relationship to those person(s), and indicate how much you contribute toward their support at the present time.

No one

7. If you live in a rented apartment or other rented building, state how much you pay each month for rent. Do not include rent contributed by other people.

$329.38 monthly.

8. State any special financial circumstances which the court should consider in this application.

I am totally indigent. When I retired I believed I would have a part-time job, but so far I have not been able to obtain one.

I understand that a false statement or answer to any questions in this declaration will subject me to the penalties for perjury.

I declare under penalty of perjury that the forgoing is true and correct.

signed this 15th _____ day of FEbRUARY, ~~19~~ 2007

Josephine Drakeford
(signature)



Office of the New York State Comptroller
**Alan G. Hevesi**
New York State and Local Retirement System
Employees' Retirement System
Police and Fire Retirement System

110 State Street, Albany, New York 12244-0001
Phone: 1-866-805-0990 or 518-474-7736 Fax: 518-402-4433
E-mail: nyslrsinfo@osc.state.ny.us Web: www.osc.state.ny.us/retire

September 2006
Office use: 000010105
Reg. No: 37418142
Ret. No: 0S6778070

Mr. Josephine Drakeford
55 E 99th St Apt 8d
Ny NY 10029

## YOUR 2006 COLA INCREASE INFORMATION

Starting with your September 30, 2006 payment:

Your monthly COLA benefit will include an increase of $5.67.

Your gross monthly pension will increase from $332.71 to $338.38. (This does not reflect adjustments for taxes, health insurance, dues or any other amount that may be deducted from your monthly pension or for Medicare adjustments that may be added to your monthly pension.)

These figures are based on an annual cost-of-living increase of 1.7 percent.

If you have any questions, contact our Call Center toll-free at 1-866-805-0990, or 518-474-7736 if you live within the Albany, New York area.

# Social Security Administration
# **Retirement, Survivors and Disability Insurance**

Important Information

Northeastern Program Service Center
1 Jamaica Center Plaza
Jamaica, New York 11432-3898
Date: January 2, 2007
Claim Number: 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A

1226 T2R M04,PC1,N,JA,T057, 000009415 01 AB 0.317
JOSEPHINE DRAKEFORD
55 E 99 ST 8D
NEW YORK NY 10029-6015

You told us that you do not want medical insurance under Medicare.

**What We Will Pay And When**

- You will receive $815.00 for January 2007 around February 14, 2007.
- After that you will receive $815.00 on or about the second Wednesday of each month.

**Information About Medicare**

If we have taken out any premiums for months when you were not entitled to Medicare medical insurance, we will return the money to you.

If you decide in the future that you would like to have medical insurance coverage again, you will have to wait until the next general enrollment period. A general enrollment period takes place in January, February, and March of each year and coverage would begin the following July.

You may also be able to enroll during a special enrollment period. You can do this if you meet all of the conditions listed below:

- Your health insurance coverage is under an employer's plan because you or your spouse is working, and
- You have had health insurance coverage under that plan since you became age 65.

You may enroll for Medicare medical insurance at any time you are covered under the group health plan. However, you may wait and enroll during the 8-month period that begins when the work ends or your coverage under the plan ends, whichever occurs first.

See Next Page

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE DANIELS

JOSEPHINE DRAKEFORD,

Plaintiff,

07 CV 3489

COMPLAINT

RECEIVED
JUL 26 2007
LEGAL DEPARTMENT

-v-

WASHINGTON MUTUAL,

Defendant.

JOSEPHINE DRAKEFORD, the plaintiff pro se, residing at 55 East 99th St., #8D, New York, N. Y. complains of the defendant and alleges upon information and belief as follows:

RECEIVED
FEB 21 2007
PRO SE

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

FIRST: That at all times hereinafter mentioned, the defendant was a banking institution, a member of the Federal Deposit Insurance Corporation, doing business under federal and state law, receiving deposits and exercising fiduciary powers as stated in 15 USCA 78. The address of the Chairman and CEO of defendant, Kerry K. Killinger is 1201 Third Ave., Seattle, Washington 98101.

SECOND: That on December 22, 2006 she withdrew $20 from an ATM machine and the receipt read "available balance $12.45" (Exhibit A-2). Plaintiff knew her account

balance as of the date of her reconcilement statement showed a balance of $1,427.57

(Exhibit A). Exhibit D states $1,000 customer withdrawal." This form of larceny is

nothing but embezzlement and false pretenses, all three of which are often subsumed

under the statutory crime of "theft." According to 4 Stephen's Commentaries on the

Laws of England 72-73 (L. Crispin Warmington ed., 21st ed. 1950) this is an infringement

of possession, accompanied with a particular criminal intent.

THIRD: That by reason of the above-stated facts, the defendant, its agents,

servants and employees is liable to the plaintiff in strict tort.

FOURTH: That as a result of the aforesaid, the plaintiff suffers damages because

of the theft of her funds. This statement (Exhibit D) shows an insidious way in which

defendant was extorting money from her account, taking money from her balance to

prevent her from being overdrawn; nevertheless, they would still deduct an additional

$50 towards the "outstanding" balance in the line of credit account. The law of torts is

concerned with the duty to respect the property of others as in Hill v. City of Boston, 122

Mass. 344, 1877 WL 10155 (1877); Tuttle v. Buck, 107 Minn. 145, 1190 N.W. 946

(1909) and a cause of action in tort may be predicated upon an unlawful interference with

the enjoyment by another of his private property as illustrated in Manro v. Almeida, 23

U.S. 473, 6 L.Ed. 369 (1825); Hodges v. Pine Product Co., 135 Ga. 134, 68 S.E. 1107

(1910). The theft of at least $1,500 from plaintiff's checking account is a violation of the

U. S. Constitution, Amendment XIV, Sec. 1 speaks of the deprivation of the rights of a

person, his life, liberty or property. The damages are embarrassment because of being

unable to pay rent, telephone bills, food and personal items. Plaintiff seeks $500 for each

day defendant withheld her money:

| | | | |
|---|---|---|---|
| 12/22 – 12/31 .......10 days | = | $ 5,000 |
| 1/1 - 1/31 ........31 days | = | $15,500 |
| 2/1 - 2/13 .........13 days | = | $ 6,500 |
| Total = | | $27,000 |

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

FIFTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "FOURTH" inclusive, with the same force and effect as though fully set forth at length herein. To illustrate the criminality evidenced in this case, when plaintiff called Customer Service on December 24, 2006, she was told her balance was $1,624.61 as of 12/13/06 (Exhibit B). The copy of her check book showed that from December 13, 2006 she spent only $377.42 (checking account #936-007854-1). A child in elementary school can subtract $377.42 from $1,624.61 and get the correct balance of $1,247.19 and not a balance of $12.00.

SIXTH: That by reason of the above stated facts, the defendant, its agents, servants and employees is liable to the plaintiff in strict tort.

SEVENTH: That as a result of the aforesaid, the plaintiff is suffering from mental anguish, and an infraction of her legal and personal rights to have access to her property—her money. This has created extreme emotional distress for plaintiff. Defendant's actions have subjected plaintiff to indignity, humiliation and embarrassment. Defendant not only deprived plaintiff of her money, but sought to injure her financially and make her homeless. Plaintiff cannot rent an apartment without paying for it. For the

past two months she had to delay the paying of her rent and phone bills. That as a result of the aforesaid, the plaintiff has been damaged in the sum of $30,500.

AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

EIGHTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "SEVENTH" inclusive, with the same force and effect as though fully set forth at length herein The defendant willfully, knowingly and intentionally, with malice aforethought, continued to send overdraft line of credit notices To plaintiff after embezzling her money, approximately $1,500 (Exhibit C). Defendant has sent no less than four of these overdraft line of credit notices to plaintiff (Exhibit C).

NINTH: That by reason of the above stated facts, the defendant, its agents, servants and employees is liable to the plaintiff in strict tort.

TENTH: That as a result of the aforesaid, the plaintiff is suffering from mental anguish, and an infraction of her legal and personal rights to have access to her property—her money. This has created extreme emotional distress for plaintiff. Defendant's actions have subjected plaintiff to indignity, humiliation and embarrassment. Defendant not only deprived plaintiff of her money, but sought to injure her financially and make her homeless. Plaintiff cannot rent an apartment without paying for it. For the past two months she had to delay the paying of her rent and phone bills. That as a result of the aforesaid the plaintiff has been damaged in the sum of $10,000.

AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

ELEVENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "TENTH" inclusive, with the same force and effect as though fully set forth at length herein Defendant gave plaintiff an overdraft line of credit account which, supposedly, would eliminate the overdraft fee of $30.00. However, defendant, despite the direct deposits, would claim each month that plaintiff did not have sufficient funds and would automatically claim they had to extend either $50 or a $100 credit each month. At the same time defendant would be deducting $50 on the balance to the line of credit account from plaintiff's funds. Each month, despite having taken out money previously, the balance would never go down (Exhibit F). Additionally, defendant would charge—despite the line of credit—an additional $30 - $32 for "insufficient funds (Exhibit E). There are federal laws, such as the Glass-Steagall Act 12 USCA Sec. 378, that were set up to protect depositors. I am sure that defendant's actions violate a plethora of federal and state laws.

TWELFTH: That by reason of the above stated facts, the defendant, its agents, servants and employees is liable to the plaintiff in strict tort.

THIRTEENTH: That as a result of the aforesaid, the plaintiff is suffering from mental anguish, and an infraction of her legal and personal rights. This has created extreme emotional distress for plaintiff. Defendant has fabricated a vicious cycle of keeping plaintiff in debt. **Defendant fabricates the need for credit when funds sufficient funds are in the account**. These actions have subjected plaintiff to indignity, humiliation and embarrassment. Plaintiff cannot rent an apartment without paying for it.

For the past two months she had to delay the paying of her rent and phone bills. That as a result of the aforesaid the plaintiff has been damaged in the sum of $10,000.

AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

FOURTEENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "THIRTEENTH" inclusive, with the same force and effect as though fully set forth at length herein On February 1, 2007 defendant restores $1,000 to plaintiff's account after deducting $50 (Exhibit E). Defendant's overdraft line of credit accounts are what are spoken of in Baldrige v. Hadley, C.A. 10 (N.M.) 1974, F. 2d 859, certiorari denied 94 S.Ct.2608, 417 U.S. 910, 41 L.Ed.2d 214, rehearing denied 95 Ct. 159, 419 U.S. 886, 42 L.Ed. 2d 130: "Generally, fraud consists of some deceitful practice or willful device resorted to for purpose of inducing another, in reliance on it, to surrender money, property, or legal rights; it connotes perjury, falsification, concealment and misrepresentation." Also, this is a blatant violation of plaintiff's constitutional rights, Amendment IV "The right of the people to be secure in their persons, houses, papers, and effects…"

FIFTEENTH: That by reason of the above stated facts, the defendant, its agents, servants and employees is liable to the plaintiff in strict tort.

SIXTEENTH: That as a result of the aforesaid, the plaintiff is suffering from mental anguish, and an infraction of her legal and personal rights. This has created extreme emotional distress for plaintiff. Defendant has fabricated a vicious cycle of keeping plaintiff in debt. **Defendant fabricates the need for credit when funds**

**sufficient funds are in the account.** These actions have subjected plaintiff to indignity, humiliation and embarrassment. Plaintiff cannot rent an apartment without paying for it. For the past two months she had to delay the paying of her rent and phone bills. That as a result of the aforesaid the plaintiff has been damaged in the sum of $10,000.

AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

SEVENTEENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "SIXTEENTH" inclusive, with the same force and effect as though fully set forth at length herein.

EIGHTEENTH: That by reason of the above stated facts, the defendant, its agents, servants and employees is liable to the plaintiff in strict tort

NINETEENTH: On December 26, 2006 at 12:30 p.m. plaintiff visited to one of the branches of defendant at 1221 Madison Ave., New York, N. Y. 10028 to protest the withdrawal of over a thousand dollars from her account. One of defendant's representatives, Ms. Anny Delance, Sr. Personal Financial Representative, Consumer Lending Consultant told plaintiff "You withdrew $1,000 on December 21, 2006. R.F.V. Heuston, Salmond on the Law of Torts 387 (17th ed. 1977) well describes the further actions of defendant when confronted with this thievery: "The tort of deceit consists in the act of making a willfully false statement with the intent that the plaintiff shall act in reliance on it, and with the result that he does so act and suffers harm in consequence…There are four main elements in this tort: (1) there must be a false representation of fact; (2) the representation must be made with knowledge of its falsity;

(3) it must be made with the intention that it should be acted on by the plaintiff, or by a class of persons which includes the plaintiff, in the manner which resulted in damage to him; (4) it must be proved that the plaintiff has acted upon the false statement and has sustained damage by so doing."

Additionally, Restatement (Second) of Contracts Sec. 162(1) (1979) well describes what also happened: "A misrepresentation is fraudulent if the maker intends his assertion to induce a party to manifest his assent and the maker (a) knows or believes that the assertion is not in accord with the facts, or (b) does not have the confidence that he states or implies in the truth of the assertion, or (c) knows that he does not have the basis that he states or implies for the assertion."

TWENTIETH: That as a result of the aforesaid, the plaintiff is suffering from mental anguish, and an infraction of her legal and personal rights. This has created extreme emotional distress for plaintiff. Defendant has fabricated a vicious cycle of Extreme poverty which would lead to homelessness. These actions have subjected plaintiff to indignity, humiliation and embarrassment. Plaintiff cannot rent an apartment without paying for it. For the past two months she had to delay the paying of her rent, her creditors, insurance companies and phone bills. That as a result of the aforesaid the plaintiff has been damaged in the sum of $10,000.

AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF THE

PLAINTIFF, JOSEPHINE DRAKEFORD

TWENTY-FIRST: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "TWENTIETH" inclusive, with the same force and effect as though fully set forth at length herein.

TWENTY-SECOND:  The fiduciary relationship with plaintiff was breached because defendant was required to act for the benefit of her on all matters within the scope of their relationship.  Defendant had the duty to exercise good faith, trust, confidence and candor.  It had the duty to exercise a high standard of care in the management of plaintiff's money  Defendant, obviously, has cameras in the bank and no withdrawals can occur without documentation, none of which were produced by defendant when plaintiff confronted it.  A police report was filed (Exhibit G) because several crimes had been committed: identity theft, grand larceny, lying, fraud, to name just a few.

TWENTY-THIRD:  That by reason of the above stated facts, the defendant, its agents, servants and employees is liable to the plaintiff in strict tort.

TWENTY-FOURTH: That as a result of the aforesaid, the plaintiff is suffering from mental anguish, and an infraction of her legal and personal rights. This has created extreme emotional distress for plaintiff.  Defendant has fabricated a vicious cycle of Extreme poverty which would lead to homelessness.  These actions have subjected plaintiff to indignity, humiliation and embarrassment.  Plaintiff cannot rent an apartment without paying for it.  For the past two months she had to delay the paying of her rent, her creditors, insurance companies and phone bill. As a result of the aforesaid, the plaintiff has been damaged in the sum of $10,000.

AS AND FOR A EIGHTHTH CAUSE OF ACTION ON BEHALF OF THE

PLAINTIFF, JOSEPHINE DRAKEFORD

TWENTY-FIFTH:  The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through TWENTY-FOURTH" inclusive,

with the same force and effect as though fully set forth at length herein. Defendant unlawfully withdrew funds from plaintiff's account. For the last few years plaintiff noticed that defendant deliberately always would say credit of $50 - $100 for the last three years at least. Consequently, plaintiff will say defendant has been unlawfully taking and carrying away her personal property (money) with the intent to deprive her of it permanently since she opened her account. Since opening up the new account, defendant will continue to adhere to this form of larceny by monthly deductions and monthly crediting.

TWENTY-SIXTH: That by reason of the above stated facts, the defendant, its agents, servants and employees is liable to the plaintiff in strict tort.

TWENTY-SEVENTH: That as a result of the aforesaid, the plaintiff is suffering from mental anguish, and an infraction of her legal and personal rights. This has created extreme emotional distress for plaintiff. Defendant has fabricated a vicious cycle of Extreme poverty which would lead to homelessness. These actions have subjected plaintiff to indignity, humiliation and embarrassment. Plaintiff cannot rent an apartment without paying for it. For the past two months she had to delay the paying of her rent, her creditors, insurance companies and phone bill. As a result of the aforesaid, the plaintiff has been damaged in the sum of $10,000.

JURISDICTION

The United States District Court has jurisdiction because of the violation of federal laws, and because defendant has branches throughout the United States. 17 Am Jur 2d Sec. 591 "Where the facts presented are undisputed, whether they constitute a performance or a breach of a written contract is a question of law for the court." This

opinion was rendered in the case of N. Estrada. Inc. v. Terry, 293 S.W. 286 (Tex. Civ. App. Texarkana 1927). Additionally, 32 Am Jur 2d, Sec. 1028 "Whether an action is between citizens of different states, for diversity purposes, is a question of law to be determined by the trial court and is controlled by the status of the parties at the time suit is begun (Barrett v. Covert (Ed Pa) 354 F. Supp. 446). The corporate headquarters of defendant are in Seattle, Washington and plaintiff resides in New York City.

Additionally, the theft of at least $1,500 from plaintiff's checking account is a violation of the U. S. Constitution, Amendment XIV, Sec. 1 speaks of the deprivation of the rights of a person, his life, liberty or property.

Generally, fraud consists of some deceitful practice or willful device resorted to for purpose of inducing another, in reliance on it, to surrender money, property, or legal rights; it connotes perjury, falsification, concealment and misrepresentation. Defendant grossly violated plaintiff's constitutional rights, Amendment IV "The right of the people to be secure in their persons, houses, papers, and effects…"

**WHEREFORE**, plaintiff prays the court for judgment against defendant as follows:

    (a) Discontinuance of unlawfully withdrawing money from her account.

    (b) Discontinuance of overdraft line of credit account.

    (c) Enjoin defendant from committing any further acts in furtherance of this deceit, lying, fraud and embezzlement.

    (d) Award plaintiff compensatory and incidental damages recovery for this deliberate and continuous thievery, as well further attempts to create a condition of extreme poverty in plaintiff's life for the sum of $117,000.

(e) Award plaintiff the right to proceed in forma pauperis, the right to appeal, together with such other relief, not necessarily limited to pecuniary relief, as the Court may deem plaintiff entitled to receive.

Dated: New York, N. Y.

February 15, 2007

Josephine Drakeford
JOSEPHINE DRAKEFORD
Plaintiff Pro
55 E. 99th St. #8D
New York, N. Y. 10029
646-672-1995

# EXHIBIT "A"

#1

STEP 2 - List outstanding checks, other transactions, POP, ATM, POS and other withdrawals

| ENTER CHECK NUMBER OR DATE | AMOUNT |
|---|---|
| POS 12/8 | 21.10 |
| atm 12/8 | 60 — |
| " 12/9 | 20 — |
| POS 12/9 | 12.99 |
| 1258 | 23.90 |
| POS 12/12 | 21.19 |
| " 12/12 | 15.62 |
| " 12/13 | 17.34 |
| atm 3659 | 15.71 |
| 2660 | 20 — |
| 2661 | 11.38 |
| 2662 | 41 — |
| Page 2 | 74.46 |
| TOTAL OUTSTANDING CHECKS & OTHER TRANSACTIONS | 280.23 |
| | 354.69 |

(handwritten margin subtotals: 114.09; 78.05; 88.09)

STEP 3

| ENTER ENDING BALANCE FROM THIS STATEMENT | AMOUNT |
|---|---|
| 12/6 | 10.50 |
| 12/13 | 789 |
| 12/14 | 5.49 |
| | 977.27 |
| SUB TOTAL | 1782.26 |
| | 354.69 |
| THIS SHOULD AGREE WITH THE BALANCE IN YOUR ACCOUNT REGISTER | 1427.57 ? |

IF BALANCES DO NOT AGREE

Check addition and subtraction in your register and above.

Compare your checks, other transactions, POP, ATM, POS and other withdrawals in your register with statement

Compare deposit receipts and entries in your register with statement

Be sure all checks, POP, ATM, POS and other payments and deposits are entered in your register

Be sure any interest credits are entered in the deposit section and fees entered in the debit section of your register

... an overdraft limit to pay items/transactions in excess of your available balance and any fees related ... an amount. That amount is valid as of the statement date, but may change (be increased, lowered or removed) at any time without notice, including before you actually receive your statement due to printing and mailing time as well as our process for reviewing overdraft limits. An overdraft limit is not a line of credit. If you prefer not to have an overdraft limit, let us know and we would then generally return checks and other transactions that exceed your available balance. The best way to make sure your items/transactions are paid is to maintain sufficient available funds in your account to pay your authorized items/transactions and fees which may be due related to your account. If an item/transaction is presented against insufficient available funds ... charge a fee for each transaction, whether the item/transaction is paid or returned and the fee ... any overdraft paid will reduce the overdraft limit amount, if a ... you must deposit funds to pay for your overdrafts and any associated fees immediately.

## OVERDRAFT LINE OF CREDIT ("ODLOC") DISCLOSURES

This information applies only to overdraft lines of credit issued to consumers primarily for personal, family or household purposes.

... on each advance accrue from the date we make ... there is no grace period ... advances on your Credit Line. The finance ... periodic rate(s) applicable during ... must be disclosed as part ... billing period by: (1) multiplying ... transactions) for the portion of ... number of days the rate is effective ... (3) adding the products ... during the billing cycle.

BILLING RIGHTS SUMMARY – In case of errors or questions about your billing statement ... more information about any ... of paper, at: Washington Mutual, Attn: Customer Service, ... Seattle, WA 98111, as soon as possible. We must hear from you no later than sixty (60) days after we sent you the first statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error.
- If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the amounts that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

## NOTICES OF FURNISHING NEGATIVE INFORMATION

WE MAY REPORT INFORMATION ABOUT YOUR ACCOUNT TO CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR ACCOUNT MAY BE REFLECTED IN YOUR CREDIT REPORT.

## BANKRUPTCY NOTICE

IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED, THIS IS FOR INFORMATIONAL PURPOSES AND IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY.

## ELECTRONIC FUND TRANSFER DISCLOSURES

IN CASE OF ERRORS OR INQUIRIES ABOUT YOUR ELECTRONIC TRANSFERS:

Telephone us at 1-800-788-7000 or write to: Washington Mutual Electronic Banking Services, P.O. Box 1400, Northridge, CA 91328, as soon as you can, if you think your statement or receipt is wrong, or if you need more information about a transfer listed on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared.

- Tell us your name and account number.
- Describe the error or the transfer you are unsure about, and explain as clearly as you can ... more information.
- Tell us the dollar amount of the suspected error.

... your complaint or question in writing within 10 business days ... account is used primarily for personal, family, or household purposes ... the results of our investigation within 10 business days ... generally 30 days after the first ... and will correct any error promptly. If we ... up to 45 days, or 90 days in the case of a new account ... outside of the United States or any POS transaction, to investigate your complaint or question ... we will recredit your account within 10 business days, or 20 business days in the case of a new account, for the amount you think is in error. You will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days ... we may not recredit your account. If we decide that there was no error ... a written explanation within three business days after we finish our investigation. You may ask for copies of the documents that we used in our investigation.

## TRANSACTION DESCRIPTIONS

[illegible]

PLAINTIFF'S EXHIBIT 1A

# EXHIBIT "A1"





AD-Automatic Deposit
ATM-Teller
NUMBER OR CODE
DATE
TRANSACTION DESCRIPTION
PAYMENT AMOUNT
FEE
PROTECT YOUR ACCOUNT - USE CHECKS IN SEQUENTIAL ORDER. RECONCILE STATEMENT PROMPTLY.

A-1

PLAINTIFF'S
EXHIBIT
A1

# EXHIBIT “A2”



AD-Automatic Deposit ■ AP-Automatic Payment ■ ATM-Teller Machine ■ DC-Debit Card ■ T-Tax Deductible ■ TT-Telephone Transfer

| NUMBER OR CODE | DATE | TRANSACTION DESCRIPTION | PAYMENT AMOUNT | ✓ | FEE | DEPOSIT AMOUNT | $ |
|---|---|---|---|---|---|---|---|
| | 12/15/06 | Reconcilement | | | | | 1240.94 |
| | 12/20 | CCCC MDaDE | | | | | |
| | 12/21 | Peo. P.C. | 151.00 | | | | |
| | 1/1/07 | Auto Debr. WM LOAN | 9.95 | √ | | | 1085.94 |
| 2666 | 12/18 | Puritan's Pride | 50.— | | | | |
| | 12/19 | Metro | 4.54 | | | | 1035.99 |
| | 12/19 | atm | 91.66 | | | | |
| | " | Slimfast / NK Sportswear | 76.— | √ | | | 939.99 |
| | | Rite Aid | 23.99 | √ | | | |
| | 12/20 | Met Food market | 33.95 | √ | | | |
| | 12/21 | Modells | 23.27 | √ | | | 809.27 |
| | 12/22 | atm | 71.04 | | | | |
| | | | 59.99 | | | | 715.50 |
| | | | 20.— | | | | |
| " | | Duane Reade | 23.49 | | | | |
| " | | Duane Reade | 5.97 | | | | |
| | | Barnes N Noble | 9.95 | | | | |
| | 12/23 | US P.O | 1.26 | | | | |
| | " | US P.O | 7.02 | | | | 596.18 |

welcome to
WashingtonMutual
Date Time Machine
12/22/06 11:02 AM S2B04335
************8017
2554 BROADWAY
NEW YORK NY
TRANS NUMBER 7774
WITHDRAWAL
FROM CHECKING $20.00
CURRENT BALANCE $75.43
AVAILABLE BALANCE $12.45
SHOP. SWIPE. SIGN.
WHAT WOULD YOU DO
WITH $1,000?
SEE OFFICIAL RULES
IN ALL WAMU BRANCHES.
NO PURCHASE NECESSARY.

A-2

PLAINTIFF'S EXHIBIT A2

# EXHIBIT "A3"

- Enter checks, other transactions and service charges not recorded.

STEP 2 List outstanding checks, other transactions, POP, ATM, POS and other withdrawals.

| ENTER CHECK NUMBER OR DATE | AMOUNT |
|---|---|
| 2663 | 46 — |
| 2664 | 14 40 |
| POS 12/15 | 4 06 |
| ~~POS 12/11~~ 2665 | 10 |
| | 74 46 |

TOTAL OUTSTANDING CHECKS & OTHER TRANSACTIONS

STEP 3 AMOUNT

SUBTOTAL

BALANCES DO NOT AGREE

Check addition and subtraction in your register and above

Compare your checks, other transactions, POP, ATM, POS and other withdrawals in your register with statement.

Compare deposit receipts and [illegible] in your register with statement.

Be sure all checks, POP, ATM, POS and other payments and deposits are entered in your register.

[illegible] any overdraft line of credit [illegible] such items [illegible] available balance and any fees relat[illegible] overdraft limit was established and [illegible] This amount is valid as of the statement date but may change (be increased, lowered, removed) at any time without notice, including before you actually receive your statement du[illegible] printing and mailing time as well as our process for reviewing overdraft limits. An overdraft limit [illegible] immediately.

### OVERDRAFT LINE OF CREDIT ("ODLOC") DISCLOSURES

This information applies only to overdraft lines of credit issued to consumers primarily [illegible] personal, family or household purposes.

[illegible] FINANCE CHARGE on each advance accrue from the date we make [illegible] This means that there is no grace period [illegible] on your Credit Line. The fina[illegible] at the "daily periodic rate(s)" applicable during [illegible] which, under Federal law, must be disclosed as par[illegible] the finance charge. We compute the finance charge for the billing period by: (1) multiplying [illegible] "average daily balance" of your ODLOC (including current transactions) for the portion of [illegible] billing cycle that each daily periodic rate is effective by the number of days the rate is effect[illegible] (2) multiplying each result by the applicable daily periodic rate, (3) adding the products togeth[illegible] and (4) adding to the result any other finance charges incurred during the billing cycle.

**BILLING RIGHTS SUMMARY** In case of errors or questions about your billing statement. If you think your ODLOC statement is wrong, or if you need more information about an ODL[illegible] transaction on your statement, write to us on a separate sheet of paper at: Washington Mut[illegible] Attn: Customer [illegible] P.O. Box 834, Seattle, WA, 98111, as soon as possible. [illegible] must hear from you no later than sixty (60) days after we sent you the first statement on wh[illegible] the error or problem appeared. You can telephone us, but doing so will not preserve your righ[illegible] In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- [illegible] you believe there is an error [illegible]
- [illegible] describe the item you are unsure about.

[illegible] while we are investigating, but you are still obligat[illegible] While we investigate your question, we cannot rep[illegible] to collect the amount you question.

### NOTICES OF FURNISHING NEGATIVE INFORMATION

[illegible] LATE PAYMENTS, MISSE[illegible] PAYMENTS [illegible] DEFAULTS ON YOUR ACCOUNT MAY BE REFLECTED IN YOUR CREDIT REPORT.

### BANKRUPTCY NOTICE

[illegible] FOR INFORMATIONAL PURPOSES [illegible] FROM YOU PERSONALLY.

### ELECTRONIC FUND TRANSFER DISCLOSURES

IN CASE OF ERRORS OR INQUIRIES ABOUT YOUR ELECTRONIC TRANSFERS

[illegible] Electronic Banking Service [illegible] statement or rece[illegible] on the statement or receipt. [illegible] must hear from you no later than [illegible] days after [illegible] the FIRST statement on which t[illegible] problem [illegible]

- [illegible] and explain as clearly as you c[illegible] information.
- [illegible] dollar amount of the suspected [illegible]

If you tell us orally, we may require that you send us your complaint or question in writing with[illegible] 10 business days. [illegible] account is used primarily for person[illegible] family or household purposes. We will tell you the results of our investigation within 10 busine[illegible] days (generally 30 days after the fir[illegible] deposit [illegible] correct any error promptly. If w[illegible] 90 days in the case of a new accour[illegible] transaction, to investigate yo[illegible] your account within 10 busines[illegible] the amount you think is in error. Yo[illegible] complete our investigation. If we a[illegible] in writing and we do not receive it within 10 business day[illegible] we may not recredit your account. If we decide that there was no erro[illegible] we will send you a written explanation within three business days after we finish our investigation[illegible] copies of the documents that we used in our investigation.

### TRANSACTION DESCRIPTIONS

[illegible] ELECTRONIC TRANSFER [illegible]

PLAINTIFF'S EXHIBIT A3

EXHIBIT B

EXHIBIT C

EXHIBIT D

EXHIBIT F

# EXHIBIT "B"

December 24, 2006

Director
Board of Governors of the Fed. Reserve System
Division of Consumer & Community Affairs
Washington, D. C. 20551

Re: Washington Mutual
A/C #9360078541

Dear Director:

I spoke with a representative of Washington Mutual one hour and a half ago. She gave me a balance of $1,624.61 as of 12/13/06. The credits from 12/12/06 totalled $377.42. She told me I had $100.00 left in my account from this balance of $1,624.61. What has happened to the hundreds of dollars still missing?

I was bookkeeping major and I had to be accurate down to the last penny. When a financial institution can defraud hundreds of dollars from customers over a period of years, this is a federal crime. Notice the withdrawal slip attached to the second copy of a page from my check book which shows the banks says I can only withdraw $12.45.

Washington Mutual feels that if they can claim I have insufficient funds in my account they will have all of my checks bounce and they can then charge me. This is how their line of credit works with me: they charge me per bounced check despite having a line of credit.

For almost two years Washington Mutual would charge me for an over limit fee even when money was in my account. By extorting money from me they hope to create a legal reason for continued over limit fees.

Please investigate, and make Washington Mutual refund all of the money they have extorted from me through the years.

Yours truly,

Josephine Drakeford

Cc: Kerry K. Killinger Chairman & CEO
Securities & Exchange Commission

PLAINTIFF'S EXHIBIT

# EXHIBIT "C/C"

**Washington Mutual Bank, FA**

IMPORTANT
ACCOUNT
INFORMATION

ATE 01/30/07

LINE OF CREDIT PAYMENTS
P.O. BOX 6868
LAKE WORTH, FL 33466-6868

VERDRAFT LINE OF CREDIT PAST DUE NOTICE

our Overdraft Line of Credit payment is past ue. Please pay the amount past due right way, or deposit enough funds in your account o make the payment. If you wish to transfer unds to this account, or if you have any uestions, give as a call at 1-800-788-7000. e're here 24 hours a day, 7 days a week.

| | |
|---|---|
| ACCOUNT NUMBER | 936-007854-1 |
| PAYMENT DUE DATE | 01/30/07 |
| AMOUNT PAST DUE | 50.00 |
| ODLOC BALANCE | 335.37 |
| CHECKING BALANCE | .00 |

JOSEPHINE DRAKEFORD
55 E 99TH ST APT 8D
NEW YORK NY 10029-6015

C

F YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED, THIS IS FOR INFORMATIONAL URPOSES AND IS NOT AN ATTEMPT TO COLLECT A DEBT.

PLAINTIFF'S
EXHIBIT
E/C

# EXHIBIT "D"

| ACCOUNT # | ACCOUNT NAME | PRODUCT |
|---|---|---|
| 093600000078541 | DRAKEFORD JOS | FREE CHECKING |

CURRENT BALANCE: $0.01

| DATE | WITHDRAWALS | DEPOSITS | CHECK # | DESCRIPTION |
|---|---|---|---|---|
| 01/03/2007 | -$301.25 into new account | | | CUSTOMER WITHDRAWAL |
| 01/02/2007 | -$50.00 | | | AUTO PAYMENT TO ODLOC |
| 01/02/2007 | -$23.90 | | 2658 | |
| 12/29/2006 | | $336.38 | | NYSLRS PENSION PR XXXXXXX8411 0 |
| 12/28/2006 | | $100.00 | | AUTO ADVANCE FROM ODLOC |
| 12/28/2006 | -$91.66 | | 2666 | |
| 12/28/2006 | | $20.00 | | MC-MODELL'S #65 MANHATTAN NY |
| 12/26/2006 | -$2.99 | | | MC-MODELL'S #65 MANHATTAN NY |
| 12/26/2006 | -$59.99 | | | MC-MODELL'S #65 MANHATTAN NY |
| 12/26/2006 | -$4.32 Duane Reade | | | 125 EAST 86TH STRE NEW YORK 1226 STANY |
| 12/26/2006 | -$7.02 USPO. | | | 693 COLUMBUS AVENUE NEW YORK 1223 STANY |
| 12/26/2006 | -$1.26 U.S. PO. | | | 693 COLUMBUS AVENUE NEW YORK 1223 STANY |
| 12/22/2006 | -$9.95 Barnes 'n Noble | | | 240 EAST 86TH STREET NEW YORK 1222 STANY |
| 12/22/2006 | -$5.97 Duane Reade | | | 125 EAST 86TH STRE NEW YORK 1222 STANY |
| 12/22/2006 | -$23.49 Duane Reade | | | 125 EAST 86TH STRE NEW YORK 1222 STANY |
| 12/22/2006 | | $50.00 | | AUTO ADVANCE FROM ODLOC |
| 12/22/2006 | -$20.00 WM - atm | | | 2554 BROADWAY NEW YORK 1222 GWFNY |
| 12/21/2006 | | $50.00 | | AUTO ADVANCE FROM ODLOC |
| 12/21/2006 | -$10.00 | | 2665 | |
| 12/21/2006 | -$14.40 | | 2664 | |
| 12/21/2006 | -$20.00 | | 2660 | |
| 12/21/2006 | -$15.71 | | 2659 | |
| 12/21/2006 | -$1,000.00 | | | CUSTOMER WITHDRAWAL |
| 12/20/2006 | -$151.00 | | | CCCS MD & DE, IN CCCS PYMNT 389597 0 |
| 12/20/2006 | -$71.04 MET FOODS | | | 235 EAST 106TH ST. NEW YORK 1220 STANY |
| 12/19/2006 | -$11.38 | | 2661 | |
| 12/19/2006 | -$41.00 | | | DELL FINANCIAL CHECK PYMT 2662 0 |
| 12/19/2006 | -$46.00 | | | HSBC CREDIT SVC2 CHECKPAYMT 2663 0 |
| 12/19/2006 | -$9.95 | | | PEOPLE PC INT SVC 0 |
| 12/19/2006 | -$23.27 Rite Aid | | | 741 COLUMBUS AVENUE MANHATTAN 1219 STANY |
| 12/19/2006 | -$20.00 WM - atm | | | 106TH ST & 3RD AVE #1 NEW YORK 1219 GWFNY |
| 12/19/2006 | -$33.98 | | | SLAMDUNK SPORTSWEAR NEW YORK 1219 STANY |
| 12/19/2006 | -$76.00 | | | 130 LIVINGSTON ST 5TH 212-METROCARD 1219 STANY |
| 12/18/2006 | -$4.54 USPO | | | 693 COLUMBUS AVENUE NEW YORK 1216 STANY |
| 12/15/2006 | -$15.00 | | 2657 | |
| 12/15/2006 | -$17.34 | | | MC-FAO SCHWARZ INC. NEW YORK NY |
| 2/15/2006 | | $5.49 - Hardware Store | | 2438 BRAODWAY@90TH ST NEW YORK 1215 GWFNY |
| 2/15/2006 | -$4.06 USPO | | | 693 COLUMBUS AVENUE NEW YORK 1215 STANY |
| 2/13/2006 | | $789.00 | | US TREASURY 303 SOC SEC 0 |
| 2/12/2006 | -$15.62 Rite Aid | | | 741 COLUMBUS AVENUE MANHATTAN 1212 STANY |
| 2/12/2006 | -$21.19 Jock's | | | 110 W 32ND ST 8TH FL NEW YORK 1212 STANY |
| 2/11/2006 | -$12.99 GNC | | | 2496 BROADWAY NEW YORK 1209 STANY |

D

# EXHIBIT "E/E"

**This Statement Covers**
From: 01/06/07
Through: 02/06/07

**Need assistance?**
To reach us anytime,
call 1-800-788-7000
or visit us at **wamu.com**

JOSEPHINE DRAKEFORD
55 E 99TH ST APT 8D
NEW YORK NY 10029-6015

80599

Enclosed is important information about changes that may affect your Washington Mutual accounts and services.
For questions, visit your Financial Center or call 1-800-788-7000.

# Your Free Checking Detail Information

**JOSEPHINE DRAKEFORD** **Account Number: 936-007854-1**
**Washington Mutual Bank, FA**

Pay bills online from a WaMu checking account at wamu.com. It's Fast, Easy and FREE. You can pay one bill or set up recurring payments, even view payment history online. Log-in today and click on Pay Bills and Loans.

## Your Account at a Glance

| | |
|---|---|
| **Beginning Balance** | **$0.01** |
| Checks Paid | $0.00 |
| Other Withdrawals | -$865.01 |
| Deposits | +$1,815.00 |
| **Ending Balance** | **$950.00** |

| Date | Description | Withdrawals (-) | Deposits (+) |
|---|---|---|---|
| 01/10 | Transfer Withdrawal | $815.01 | |
| 01/10 | US TREASURY 303 SOC SEC | | $815.00 |
| 02/01 | Customer Deposit | | $1,000.00 |
| 02/01 | Auto Payment To ODLOC | $50.00 | |

Calendar Year-To-Date Overdraft/Non-Sufficient Funds Charges
(excluding any charges which have been waived or refunded):

| | |
|---|---|
| Overdraft charges | $0.00 |
| Non-Sufficient Funds charges | $0.00 |

As of the statement end date, the fee for any Non-Sufficient Funds transaction, whether paid or returned, was $32.00 per transaction.

Deposits are FDIC Insured

EQUAL HOUSING LENDER

Form CS50004B 0000018647

49637 7782 0001 2236R 07 070207 PAGE 00001 OF 00002 CSFSTMS 00080599

# EXHIBIT "F"

# Your Overdraft Line Of Credit Detail Information

JOSEPHINE DRAKEFORD  **Account Number: 936-007854-1**
**Washington Mutual Bank, FA**

| Your Account at a Glance | | | |
|---|---|---|---|
| Credit Limit | $500.00 | Prior Year Interest Collected | $53.61 |
| Available Credit | $200.19 | YTD Interest Collected | $5.92 |
| Closing Date | 02/06/2007 | Days in Current Cycle | 32 |
| Payment Due Date | 03/03/2007 | | |
| **Minimum Payment Due** | **$50.00** | | |

| Overdraft Line of Credit Summary Information | | Interest Summary Information | |
|---|---|---|---|
| **Previous Balance** | **$325.37** | Daily Periodic Rate | .0438356% |
| Advances/Debits | +$20.00 | Days In Period | 32 |
| Payments/Credits | -$50.00 | Average Daily Balance | $317.13 |
| | | Annual Percentage Rate | 16.00% |
| ***FINANCE CHARGES*** | | | |
| Interest Assessed | +$4.44 | | |
| **New Balance** | **$299.81** | | |

| Date | Description | Advances (+) | Payments (-) |
|---|---|---|---|
| 01/30 | Late Charge | $10.00 | |
| 01/31 | Annual Fee | $10.00 | |
| 02/01 | Auto Payment - Checking | | $50.00 |

---

JOSEPHINE DRAKEFORD

Washington Mutual
Line Of Credit Payments
P.O. Box 6868
Lake Worth, FL 33466-6868

Account Number: 936-007854-1

| Minimum Payment Due | Current Payment Due | Past Due Amount | Payment Due Date | Amount Paid |
|---|---|---|---|---|
| $50.00 | $50.00 | $0.00 | 03/03/2007 | |

For your convenience, we will automatically deduct the Minimum Payment Due from your checking account on the Payment Due Date.

If, however, you would like to make your payment prior to the due date, please cut off this portion of your statement and mail with your payment to the address shown above. Payments are also accepted at any Washington Mutual financial center.

Deposits are FDIC Insured

9637 7782 0001 2236R 07 070207 PAGE 00002 OF 00002 CSFSTM3 00080399

00018648 [X]





# EXHIBIT "G"



**INCIDENT INFORMATION SLIP**

PD 301-164 (Rev 3-98)-Pent (RMU)

Date: 01/04/07

Velcome to 020 Pct (Command) (Address) (Telephone No.)

Ve hope that your business with us was handled satisfactorily. Your particular matter has been assigned the following number(s):

Complaint Report No.: 68 Pct 23 102 St 212 860-6411 Accident Report No.: Aided Report No.:

Reported to: PO Rodriguez 28141 (Rank) (Name) (Shield No.) Date of Occurrence: Time:

ocation of Occurrence: Washington Mutual Bank - E 85th St NYC, NY

rime: ID Theft

lease keep this report should you have to refer to this matter in the future. If you need any further assistance feel free to

ontact us at telephone number (212) 580-6411 . Please let us know if you have any suggestions on how we can

etter serve you. As you may already know, we will provide you with a crime prevention survey of your residence or business.

ease ask for more information on this and other crime prevention initiatives. Our goal is to make you and your property safe.

Complaint Number 68

**COURTESY — PROFESSIONALISM — RESPECT**

**REMEMBER: CALL "911" FOR EMERGENCIES ONLY!!!!**

G1

PLAINTIFF'S EXHIBIT