UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOSEPHINE DRAKEFORD,

                              Plaintiff,

                                                    Civil Case No.: 07-CV-3489
        -against-                                   (Daniels, J) (Francis, MJ)


WASHINGTON MUTUAL,

                              Defendant.
------------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WASHINGTON MUTUAL BANK'S MOTION FOR A JUDGMENT ON THE PLEADINGS



**Garden City Center**
**100 Quentin Roosevelt Boulevard**
**Garden City, New York 11530-4850**
**Telephone (516) 357-3700 • Facsimile (516) 296-9155**

## TABLE OF CONTANTS

TABLE OF AUTHORITIES………………………………………………………....…ii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................2

POINT I ............................................................................................................................3
        PLAINTIFF'S ACTION SHOULD BE DISMISSED FOR LACK OF
        SUBJECTMATTER JURISDICTION ...................................................................3

        A.      The Complaint Does Not Plead A Claim Constituting a
                  Federal Question………………………………………...………………4
                        1. Fourth Amendment ...................................................................5
                        2. Fourteenth Amendment  ...........................................................6
                        3. Glass-Steagall Act..................................................................6

        B.      Plaintiff Fails to Make an Aggregate Claim of Damages of $75,000 in
                  order to Support Diversity Jurisdiction.......................................................7

POINT II ...........................................................................................................................9
        PLAINTIFF IS PRECLUDED FROM BRINGING THIS ACTION
        BECAUSE SHE IS CONTRACTUALLY BOUND TO
        ARBITRATE THIS DISPUTE ..............................................................................9

CONCLUSION…………………………………………………………………..10

## TABLE OF AUTHORITIES

Acquaire v. Canada Dry Bottling, 1995 U.S. Dist. LEXIS 20938 (E.D.N.Y 1995).......................9

Ally v. Sukkar, 128 Fed.Appx., 194, 195 (2d Cir. 2005) ..................................4

Arbaugh v. Y&H Corp., 546 U.S.500 (2006) ................................................................4

Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 979 (2d Cir. 1975).........................................4

Boss v. Kelly, 2007 U.S. Dist. LEXIS 62348 (S.D.N.Y. 2007) ........................................6

City of Chicago v. International College of Surgeons, 522 U.S. 156, 118 S. Ct. 523

(1997).......................................................................................................................................4

Clarke v. Securities Indus. Ass'n, 479 U.S. 388 (1987)...................................................7

Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)................................3

Deajess Med. Imaging, P.C. v. Geico Gen. Ins. Co., 2004 U.S. Dist. LEXIS 13164

(S.D.N.Y. 2004)......................................................................................................................7

Dobbins v. Vartabetian, 2005 U.S. Dist. Lexis 4425 (E.D.N.Y. 2005)..........................................4

Flagg Bros., Inc., v. Brooks, 436 U.S. 149, 156 (1978) ...................................6

Huszar v. Zeleny, 269 F.Supp.2d 98, 102 (E.D.N.Y. 2003)............................................4

Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998) .......................................4

Johnson v. Chemical Bank, 1996 U.S. Dist. LEXIS 18027 (S.D.N.Y. 1996) ...............................6

Johnson v. Wash. Mut. Bank F.A., 2006 U.S. Dist. Lexis 26729, 5-7 (E.D.N.Y. 2006) ...............5

Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d. Cir. 1986)....................................4

Lanziresa v. Hoffman, 2001 U.S. Dist. Lexis 20646 (S.D.N.Y. 2001) ..........................................5

Lunney v. United States, 319 F.3d  550, 553 (2d Cir. 2003)...........................................................3

Lupo v. Human Affairs International Inc., 28 F.3d 269, 272 (2d Cir. 1994) .................................4

Nat'l Collegiate Ath. Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988).............................................6

New York v. Oneida Indian Nation, 90 F.3d 58, 60 (2d Cir. 1996) ................................................9

Peters v. TimeSpan Communications, Inc., 1999 U.S. Dist. LEXIS 2797 at *8-9,

(S.D.N.Y. 1999).......................................................................................................................3

Pollock v. Trustmark Ins. Co., 367 F. Supp. 2d 293 (E.D.N.Y. 2005)........................................7, 8

Rogers v. Supermarkets General Corporation, 1991 U.S. Dist. Lexis 2944 (S.D.N.Y. 1991) ..................................................................................................................7

Scaglione v. Chappaqua Cent. Sch. Dist., 209 F. Supp. 2d 311, 312 (S.D.N.Y. 2002)...............3,4

Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724 (1914) ........................................5

U.S. v Jacobsen, 466 US 109, 113 (1984) ...................................................................5

Walter v. United States, 447 U.S. 649, 662 (1980)……………………………………………….5



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JOSEPHINE DRAKEFORD,

                                Plaintiff,

                                                    Civil Case No.: 07-CV-3489
            -against-                               (Daniels, J) (Francis, MJ)


WASHINGTON MUTUAL,

                                Defendant.
------------------------------------------------------------------ X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WASHINGTON MUTUAL BANK'S MOTION FOR A JUDGMENT ON THE PLEADINGS


### PRELIMINARY STATEMENT

This memorandum of law is submitted by defendant Washington Mutual Bank

("Washington Mutual" or the "Bank"), s/h/a Washington Mutual, in support of its motion

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure for a judgment on the

pleadings dismissing the Complaint. Plaintiff's central claims against the Bank concern

her contention that the Bank mishandled her checking account. This Complaint should

be dismissed because: (1) this Court lacks subject matter jurisdiction; and (2) Plaintiff is

barred from bringing this action since she has contractual obligation to settle all her

disputes concerning her checking account with the Bank through an arbitration

proceeding.

Plaintiff makes numerous allegations, not supported by any factual details, in

which she claims that the Bank mishandled a checking account. None of these allegations properly assert the existence of a federal question. Furthermore, Plaintiff's claims do not equal an aggregate amount of $75,000 in damages so as to even arguably establish diversity. This Court therefore lacks subject matter jurisdiction and the Complaint should be dismissed. The Complaint is attached as Exhibit "A" to the affidavit of Karen Gill (hereinafter "Gill Affidavit") sworn to October 17, 2007, which is submitted herewith.

Moreover, Plaintiff is barred from bringing this action since the account regulations which governed her account agreement with the Bank clearly state that all disagreements are to be settled through arbitration. See pages 7–8 of the Account disclosure and regulations governing Plaintiff's checking account held with Washington Mutual, attached to the Gill Affidavit as Exhibit "B."

## STATEMENT OF FACTS

Most of the allegations at issue in this action stem from an incident that occurred on December 21, 2006, when the Bank inadvertently debited $1,000 against the account of Plaintiff. As Plaintiff states in her Complaint, the money was restored to her account on February 1, 2007. See paragraph numbered "fourteenth" of the Complaint, attached to the Gill Affidavit as Exhibit "A." Plaintiff also makes numerous claims concerning the Bank's handling of Overdraft Line of Credit ("ODLOC"), which is linked to the account. As is seen from the Plaintiff's Complaint, Plaintiff clearly does not understand how the ODLOC functioned. Simply put and as indicated by Plaintiff's own exhibits, specifically, Exhibit "E" attached to the Complaint, if Plaintiff did not have sufficient money in her account to cover a transaction, which could be a checking or debit card

transaction, the Bank would advance funds on her behalf pursuant to the ODLOC

agreement. See pages 30–31 of the Account Disclosure and Regulations governing

Plaintiff's checking account held with Washington Mutual, attached to the Gill Affidavit

as Exhibit "B."[1]  The money advanced by the Bank would then create a balance due and

owing in Plaintiff's ODLOC. See Exhibit "E" of the Complaint, attached to the Gill

Affidavit as Exhibit "A."  In order for the Bank to be repaid the money that was advanced

from the ODLOC, each month $50 would be deducted from Plaintiff's account in order

to reduce the balance of the ODLOC.  Plaintiff brings this action apparently as a result of

those Bank charges in connection with the ODLOC.

**POINT I**

**PLAINTIFF'S ACTION SHOULD BE DISMISSED**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

The Second Circuit has held that a plaintiff must show by a preponderance of the

evidence that subject matter jurisdiction exists. See Lunney v. United States, 319 F.3d

550, 553 (2d Cir. 2003).  Although subject matter jurisdiction is generally challenged by

way of a motion to dismiss pursuant to Rule 12(b)(1), it may also be raised on a Rule

12(c) motion for judgment on the pleadings. See Scaglione v. Chappaqua Cent. Sch.

Dist., 209 F. Supp. 2d 311, 312 (S.D.N.Y. 2002); Peters v. TimeSpan Communications,

Inc., 1999 U.S. Dist. LEXIS 2797 at *8–9 (S.D.N.Y. Mar. 10, 1999).  The standard for

evaluating a motion to dismiss pursuant to Rule 12(c) is the same as that under Rule

---

[1] Due to Plaintiff's failure to attach to the Complaint or incorporate by reference documents that were integral to and referenced to throughout the Complaint, the Bank has attached to the Gill Affidavit the Account Disclosure and Regulation governing plaintiff's account. See Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).  The Account Disclosure and Regulations describes the function of the ODLOC which is at issue and states that all disputes between Plaintiff and the Bank must be arbitrated. See pages 7–8 and 30–31.

3

12(b). See Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998).

Additionally, the court may consider affidavits and other material beyond the pleadings

to resolve a jurisdictional challenge. See Kamen v. American Tel. & Tel. Co., 791 F.2d

1006, 1011 (2d. Cir. 1986). Moreover, Fed. R. Civ. P. 12(h)(3), authorizes the Court to

terminate an action where the lack of subject matter jurisdiction is apparent, as "judicial

resources are precious" and "should not be dissipated in futile proceedings." See

Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 979 (2d Cir. 1975). Finally,

Plaintiff's pro se status is of no moment when the Complaint fails to demonstrate that the

Court has subject matter jurisdiction. See Ally v. Sukkar, 128 Fed.Appx. 194, 195 (2d

Cir. 2005); Scaglione, 209 F. Supp. 2d at 312. As will be seen below, Plaintiff's

allegations do not reach individually, or in the aggregate, the sum of $75,000, and in any

event do not constitute a claim under any federal statute or the United States Constitution.

As such, the action must be dismissed. See Arbaugh v. Y&H Corp., 546 U.S. 500

(2006).

**A.    The Complaint Does Not Plead
A Claim Constituting a Federal Question**

Under 28 U.S.C. §1331, the District Court has original jurisdiction of all civil

actions that arise under the Constitution, laws or treaties of the United States. A claim

arises under federal law within the meaning of §1331 only if a federal cause of action can

be discerned from the complaint. See City of Chicago v. International College of

Surgeons, 522 U.S. 156, 118 S. Ct. 523 (1997). Under the "well-pleaded complaint rule,"

federal jurisdiction is limited to instances in which a federal cause of action is apparent

within the four corners of the plaintiff's complaint. See Lupo v. Human Affairs

4

International Inc., 28 F.3d 269, 272 (2d Cir. 1994) (citing Taylor v. Anderson, 234 U.S. 74, 75–76 (1914)). Plaintiff, in the Complaint, does not adequately plead that Washington Mutual ever violated a constitutional right or any federal statute. Nor can such a claim be fairly discerned from the Complaint. See Johnson v. Wash. Mut. Bank F.A., 2006 U.S. Dist. LEXIS 26729, *5–7 (E.D.N.Y. May 4, 2006); Lanziresa v. Hoffman, 2001 U.S. Dist. LEXIS 20646 (S.D.N.Y. Dec. 11, 2001).

Plaintiff does make a cursory allegation that the Bank violated the Fourth and Fourteenth Amendments of the United States Constitution, and may have violated the Glass-Steagall Act. As seen below the mere mention of these Amendments and the statue is insufficient to state a federal question.

### 1. Fourth Amendment

Plaintiff in her Complaint alleges that the Bank violated her Fourth Amendment constitutional rights, "The right of the people to be secure in their persons, houses, papers and effects." See paragraph numbered "Fourteenth" of the Complaint, attached to the Gill Affidavit as Exhibit "A." This allegation, which is unsupported by any facts, is insufficient to allege a federal question in this action since the Bank is not an agent of the government.

The Fourth Amendment protects searches and seizures of private individual's property from the government. See United States v Jacobsen, 466 US 109, 113 (1984). The Fourth Amendment protection "is wholly inapplicable to a search or seizure, even an unreasonable one, affected by a private individual not acting as agent of the government or with the participation or knowledge of any governmental official." Jacobson, at 113 (citing Walter v. United States, 447 U.S. 649, 662 (1980) (Blackmun, J., dissenting)).

5

This case does not involve any governmental action. It simply deals with transactions involving a Bank and its customer—the Plaintiff. Accordingly, Plaintiff's unsupported allegations that Defendant violated the Fourth Amendment should be dismissed. See Flagg Bros., Inc., v. Brooks, 436 U.S. 149, 156 (1978); Johnson v. Chemical Bank, 1996 U.S. Dist. LEXIS 18027 at *16 (S.D.N.Y. Dec. 6, 1996) (stating that since most rights secured by the Constitution protect only against infringement by government actors, "unsupported references to various constitutional amendments are insufficient to state a claim against private parties").

## 2. Fourteenth Amendment

Plaintiff alleges that the Bank's alleged theft of at least $1,500 from Plaintiff's checking account is a violation of the Fourteenth Amendment of the United States Constitution. See paragraph numbered "Fourth" of the Complaint, attached to the Gill Affidavit as Exhibit "A." The Fourteenth Amendment of the Constitution states that no state "shall deprive any person of life, liberty or property without due process of law." Boss v. Kelly, 2007 U.S. Dist. LEXIS 62348 (S.D.N.Y. 2007). This amendment specifically guarantees individuals against invasions by the State of their fundamental rights. In this case, the only parties that are involved are Plaintiff, an individual and Defendant, a bank. Protections of the Fourteenth Amendment do not extend to private conduct. See Nat'l Collegiate Ath. Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988); see also Flagg Bros, 436 U.S. at 156; Johnson, 1996 U.S. Dist. LEXIS 18027 at *16.

## 3. Glass-Steagall Act

Plaintiff in her Complaint never specifically alleges that the Bank violated the Glass-Steagall Act. See 12 U.S.C. § 378 (2007). She merely mentions in passing that

6

"there are federal laws, such as the Glass-Steagall Act 12 USCA Sec. 378, that were set up to protect depositors. I am sure that defendant's actions violate a plethora of federal and state laws." See paragraph numbered "Eleventh" of the Complaint, attached to the Gill Affidavit as Exhibit "A." In any event, the Glass-Steagall Act states that any person or business engaged in securities cannot engage in the business of receiving deposits. It was designed to prevent the entry of commercial banks into the investment banking business. See Clarke v. Securities Indus. Ass'n, 479 U.S. 388 (1987). The Glass-Steagall Act has absolutely no relevance to this claim regarding the handling of a private account by a bank.

### B. Plaintiff Fails to Make an Aggregate Claim of Damages of $75,000 in order to Support Diversity Jurisdiction

Original jurisdiction of civil actions in federal courts where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states is provided for in 28 U.S.C. § 1332. See Rogers v. Supermarkets General Corporation, 1991 U.S. Dist. LEXIS 2944 (S.D.N.Y. Mar. 12, 1991). In general, a plaintiff may aggregate her claims in a complaint alleged against a single defendant to reach the jurisdictional amount of $75,000. See Deajess Med. Imaging, P.C. v. Geico Gen. Ins. Co., 2004 U.S. Dist. LEXIS 13164 at *5 (S.D.N.Y. July 15, 2004). However, a plaintiff cannot aggregate claims which seek identical damages under varying theories. See Pollock v. Trustmark Ins. Co., 367 F. Supp. 2d 293, 301 (E.D.N.Y. 2005). In the Complaint, Plaintiff seeks identical damages for identical injuries (emotional distress) in seven separate paragraphs. In the paragraphs numbered "tenth," "thirteenth," "sixteenth," "twentieth," "twenty-fourth," and "twenty-seventh" of the Complaint, Plaintiff alleges that she was damaged in the sum of $10,000. She specifically repeats the following

language: "Plaintiff is suffering from mental anguish, and an infraction of her legal and personal rights to have access to her property- her rights. This has created extreme emotional distress for plaintiff." Defendant's actions "have subjected plaintiff to indignity, humiliation and embarrassment." "Plaintiff cannot rent an apartment without paying for it. For the past two months she had to delay the paying of her rent and phone and bills. That as a result of the aforesaid the plaintiff has been damaged in the sum of $10,000." In the paragraph numbered "seventh" plaintiff uses the same exact language except she alleges that she has been damaged in the sum of $30,500.

Thus, Plaintiff re-alleges seven times in her Complaint that she has suffered identical emotional damages. Even if Plaintiff would prevail on her claims for emotional damages she cannot recover more than one time for the identical emotional damages that she alleges. The fact that she has alleged that she is entitled to identical damages under varying theories does not entitle her to additional damages. See Pollock, 367 F. Supp. 2d at 301 ("No case, however, allows the aggregation of claims which seek the same damages in claims under varying theories."). Plaintiff alleges $117,000 in total damages. See page 11 of the Complaint, attached to the Gill Affidavit as Exhibit "A." Using Plaintiff's figure of $117,000 and then subtracting $60,000 for Plaintiff's identical allegations of damages for emotional distress discussed above, Plaintiff is at most alleging damages of $57,000, which still includes a claim for emotional damages in the amount of $30,500. See paragraph numbered "Seventh" of the Complaint, attached to the Gill Affidavit as Exhibit "A." Since her damages do not exceed $75,000, she is not entitled to bring this action in federal court.

8

## POINT II

### PLAINTIFF IS PRECLUDED FROM BRINGING THIS ACTION BECAUSE SHE IS CONTRACTUALLY BOUND TO ARBITRATE THIS DISPUTE

Plaintiff is precluded from bringing this action since the account regulations that govern her account agreement with the Bank clearly state that all disagreements are to be settled through arbitration. See pages 7–8 of the Account Disclosure and Regulations governing Plaintiff's checking account held with Washington Mutual, attached to the Gill Affidavit as Exhibit "B." The Court abstains from exercising jurisdiction when an agreement between parties is governed by a mandatory arbitration clause. See New York v. Oneida Indian Nation, 90 F.3d 58, 60 (2d Cir. 1996). The Courts do not allow parties to ignore agreements to arbitrate and have stated that "[f]ederal policies strongly favor arbitration." Acquaire v. Canada Dry Bottling, 1995 U.S. Dist. LEXIS 20938 (E.D.N.Y 1995). Therefore, Plaintiff should be precluded from bringing this action since she is attempting to avoid the arbitration clause that governs her account agreement with the Bank.

## CONCLUSION

For the reasons set forth above and the documentary evidence annexed to the Gill Affidavit, defendant Washington Mutual Bank requests that the Complaint be dismissed.

CULLEN AND DYKMAN LLP

By: _Daniel Rubel_____
Daniel P. Rubel
Attorneys for Defendant
Washington Mutual Bank
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

Of Counsel:

James G. Ryan, Esq.
Daniel P. Rubel, Esq.