UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE DRAKEFORD

                      Plaintiff,           07 Civ. 03489 (GBD)

    -v-

                                                    ORDER

WASHINGTON MUTUAL

                      Defendant.

GEORGE B. DANIELS, District Judge:

    *Pro se* plaintiff, Josephine Drakeford, commenced this action against defendant, Washington Mutual Bank ("Washington Mutual"), seeking compensatory damages for an unauthorized withdrawal from her bank account and its alleged inexpedient resolution. Defendant moves for judgment on the pleadings dismissing this action pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that: (1) this Court lacks federal subject matter jurisdiction; and, (2) plaintiff is contractually obligated to arbitrate all disputes with Washington Mutual. Washington Mutual's motion for judgment on the pleadings dismissing the action is granted. All of plaintiff's claims against Washington Mutual must be resolved by arbitration.

    *Pro se* plaintiff is a retiree who opened a consumer checking account at her local New York branch of Washington Mutual Bank. When plaintiff opened the account, she contracted with Washington Mutual to accept its consumer checking services. This account agreement (also called the *Master Account Agreement*) "governs all accounts and related services" opened by a customer of Washington Mutual. 2006 Account Disclosures and Regulations 5, Karen A. Gill Aff., Ex. B. Upon signing the agreement, the consumer is likewise bound by the *Account Disclosures and Regulations* which govern the account agreement. Id. Washington Mutual

includes an arbitration provision in the *Account Disclosures and Regulations*. It requires arbitration of all disputes or controversies "concerning your deposit account … whether or not arising out of federal or state law or regulation or otherwise, including without limit, debit/ATM cards, checks, deposits, withdrawals," upon the election of either party. Id. The arbitration provision reads, in relevant part:

> YOU AND WE ARE WAIVING THE RIGHT TO HAVE OUR DISPUTE HEARD BEFORE A JUDGE OR JURY.
> . . .
> The Bank [Washington Mutual] and you elect to be bound by the Federal Arbitration Act.
> . . .
> Under the procedure, the dispute is submitted to a neutral party for determination. The arbitrator shall be selected by mutual agreement, or, if you and the Bank cannot agree, in accordance with the selection procedure provided in the rules of the arbitration service selected by the parties.

2006 Account Disclosures and Regulations 5, Karen A. Gill Aff., Ex. B.

The *Account Disclosures and Regulations* also includes a choice of law provision that reads:
> All accounts, deposits, products, and services described herein, and the rights and obligations you and the Bank [Washington Mutual] have, are governed by and interpreted according to federal law, and by applicable state law to the extent not superseded by federal law.
> . . .
> The applicable state law (to the extent not superseded by federal law) shall be the law of the state where the account is opened, if opened in person. If not opened in person, the law of the state of your residence . . . .

2006 Account Disclosures and Regulations 5, Karen A. Gill Aff., Ex. B.

After an ATM withdrawal, plaintiff discovered her account had been depleted by someone else. She brought the error to the defendant's attention by visiting the local branch. Defendant initially took the position that it was not at fault. As a result, defendant did not restore the funds until two months later. Plaintiff then brought the instant action seeking all available

federal and state remedies arising from the defendant's conduct, alleging that: (1) she suffered consequential and incidental damages flowing from the unauthorized withdrawal and its inexpedient resolution; and, (2) the defendant acted in bad faith and with intent to harm the plaintiff in depriving her of access to her funds.

In reviewing a complaint for dismissal under Rule 12(c), the Court applies the same standard applicable to 12(b)(6) motions to dismiss for failure to state a claim. The Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir.1999); Ad-Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir.1987). The Court "thus look[s] at whether the complaint has pled 'enough facts to state a claim to relief that is plausible on its face.'" Livant v. Clifton, 2008 WL 925378, at 1 (2d Cir.2008) (quoting Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007))). On a 12(c) motion, the Court is not precluded from considering certain matters outside the complaint. Specifically, the Court may consider documents attached to or incorporated into the complaint, or are integral thereto, as well as consider matters of which judicial notice may be taken. Sira v. Morton, 380 F.3d 57, 66-67 (2d Cir.2004); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir.2002) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995)). Given plaintiff's *pro se* status, her pleadings are to be liberally construed and interpreted to raise the strongest argument they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)).

Despite affording the pleadings a liberal reading, plaintiff's claims must be dismissed as their resolution is governed by the mandatory arbitration clause of the account agreement. Plaintiff is obligated to arbitrate her claims pursuant to that arbitration provision. Under the Federal Arbitration Act ("FAA"), a district court may dismiss or stay the court proceedings if it finds a valid arbitration agreement exists, and may compel arbitration when a party refuses to comply with that agreement. 9 U.S.C.S. §§ 3-4.

Under the FAA, the general presumption is that the issue of arbitrability is to be decided by the court, "[u]nless the parties clearly and unmistakably provide otherwise." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986); see also Contec Corp. v. Remote Solution Co., 398 F.3d 205, 208 (2d Cir.2005). In order to determine whether or not a particular dispute is arbitrable, a court must decide "whether the parties agreed to arbitrate, and if so, whether the scope of that agreement encompasses the asserted claims."[1] Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela, 991 F.2d 42, 45 (2d Cir.1993) (quoting David L. Threlkeld & Co. v. Metallgesellschaft Ltd., 923 F.2d 245, 149 (2d Cir.1991)). While there is a strong federal policy favoring arbitration, a party may only be compelled to arbitrate a dispute to the extent he or she has agreed to do so. Bell v. Cendant Corp., 293 F.3d 563, 566-67 (2d Cir.2002); John Hancock Life Ins. Co. v. Wilson, 254 F.3d 48, 58 (2d Cir.2001).

Where the scope of the arbitration agreement is ambiguous, the United States Supreme Court has directed that "any doubts concerning the scope of arbitrable issues should be resolved

---

[1] Finding that a valid arbitration agreement governs all of the plaintiff's claims, this Court dismisses the plaintiff's claims in favor of arbitration. As a consequence, this Court need not address the defendant's alternative argument that the Court lacks federal subject matter jurisdiction over the plaintiff's claims.

in favor of arbitration." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); see also PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1198 (2d Cir.1996). "Another way of expressing this is to say that arbitration must not be denied unless a court is positive that the clause it is examining does not cover the asserted dispute." Spear, Leeds & Kellogg v. Central Life Assur. Co., 85 F.3d 21, 28 (2d Cir.1996) (citing AT&T Techs., 475 U.S. at 650). Absent some ambiguity, however, it is the language of the contract that defines the scope of disputes subject to arbitration. EEOC v. Waffle House, Inc., 534 U.S. 279 (2002).

The FAA established a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp., 460 U.S. at 24; see also Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991). Arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2005). Congress enacted the FAA for the purpose of "revers[ing] the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer, 500 U.S. at 24.

Courts are to "construe arbitration clauses as broadly as possible." Oldroyd v. Elmira Savings Bank, FSB, 134 F.3d 72, 76 (2d Cir.1998). In Collins & Aikman Prods. Co. v. Building Sys., Inc., the parties were required to submit to arbitration because their arbitration clause governed "any claim or controversy arising out of or relating to the agreement." 58 F.3d 16, 20 (2d Cir.1995). The Second Circuit Court of Appeals found this language to be "the paradigm of a broad clause," and that disputes were "presumptively arbitrable" pursuant to the clause. Id.

The arbitration provision in the plaintiff's account agreement is also a paradigmatically broad clause, thereby justifying a presumption of arbitrability. See Oldroyd, 134 F.3d at 76 (enforcing a clause requiring arbitration of "[a]ny dispute, controversy or claim arising under or in connection with" appellee's employment agreement); Mehler v. Terminix Int'l Co. L.P., 205 F.3d 44, 49 (2d Cir.2000) ("There is no dispute that the arbitration clause at issue is a classically broad one . . . The clause provides for arbitration of 'any controversy or claim between [the parties] arising out of or relating to' the Agreement."). Plaintiff's claims fall within the broad scope of the arbitration provision of the account agreement which covers "any dispute or controversy concerning your deposit account and safebox relationships with us." Karen A. Gill Aff., Ex. B. The account agreement applies to claims "whether or not arising out of federal or state law." Id. The arbitration clause at issue here is enforceable, absent an exception to the strong policy in favor of enforcing arbitration agreements. Plaintiff neither alleges nor presents evidence to support an exception to the presumption in favor of arbitration, and this Court can find none.

Washington Mutual's motion for judgment on the pleadings is granted. Since this Court finds that all of plaintiff's claims against Washington Mutual are subject to arbitration, all claims against Washington Mutual are dismissed without prejudice. See Lewis Tree Serv., Inc. v. Lucent Technologies, Inc., 239 F.Supp.2d 332, 340 (S.D.N.Y.2002) (where "no useful purpose will be served by granting a stay" the action should be dismissed); see also Wilson v. Wells Fargo Financial Acceptance, Inc., No. 3:02-0383, 2003 WL 1877336 (M.D.Tenn. 2003) ("if all of the issues in dispute are governed by the arbitration agreement, then it would generally be an

inefficient use of the court's docket to enter a stay, when the arbitration will likely be dispositive of all the issues").

Dated: July 11, 2008
New York, New York

SO ORDERED:

*[signature: George B. Daniels]*

GEORGE B. DANIELS
United States District Judge